IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| L.J. GIBSON, BEAU BLIXSETH, AMY KOENIG, VERN JENNINGS, MARK MUSHKIN, MONIQUE LAFLEUR, GRIFFIN DEVELOPMENT, LLC, JUDY LAND, and CHARLES DOMINQUEZ,<br><br>    Plaintiffs,<br>vs.<br><br>CREDIT SUISSE, AG, CREDIT SUISSE SECURITIES (USA), LLC, CREDIT SUISSE FIRST BOSTON, CREDIT SUISSE CAYMAN ISLAND BRANCH, CUSHMAN & WAKEFIELD, INC., and DOES 1 through 100, inclusive<br><br>    Defendants. | RE: IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO CIVIL ACTION FILE NO. CASE NO. 1:10-cv-00001-JLQ |

### ERG ENTERPRISES, LP'S EMERGENCY MOTION FOR PROTECTIVE ORDER AND INCORPORATED MEMORANDUM OF LAW

Pursuant to Federal Rule of Civil Procedure 26(c), ERG Enterprises, LP ("ERG"), a non-party in the above-referenced action, moves this Court for an order that the deposition of another non-party, Drew Dillworth, which is set to take place on September 1, 2015, should only go forward if ERG's counsel is allowed to appear. In support of this motion, ERG respectfully states as follows.

### I.  INTRODUCTION

This matter arises from Plaintiffs' issuance of a deposition subpoena to non-party Drew Dillworth, formerly the bankruptcy trustee for certain affiliates of ERG who filed for bankruptcy in 2008. In his capacity as trustee, Mr. Dillworth (the "Trustee") stepped into the shoes of the ERG affiliates, wielded their attorney-client privilege, and obtained potentially privileged information of not only those ERG affiliates, but also of ERG, which would have otherwise been

9605974 v7

1

protected from disclosure.  Upon the conclusion of the bankruptcy proceedings, the privilege reverted back to the ERG affiliates.

ERG's counsel anticipates that questions may be asked of the Trustee that could elicit responses that contain information protected from disclosure by the attorney-client privilege.  In order to protect ERG's privilege, ERG's counsel should be permitted to appear at the Trustee's deposition.  In its absence, there will be no one present at the deposition to protect its privilege.

Finally, because the Trustee's deposition is set to proceed on September 1, 2015, ERG requests that the Court treat this motion on an expedited basis pursuant to Local Rule 7.1(e).

## II.  RELEVANT FACTS

In their complaint, Plaintiffs allege that Defendants wrongfully induced them into acquiring overvalued property at certain real estate developments located in North America.  One of those developments, Ginn sur Mer, which is located in the Bahamas, was developed by ERG's affiliates.  At present, ERG and certain of its affiliates are defendants in an action that involve certain of the same facts and issues as this action.  *See Bahamas Sales Associate, LLC v. Byers*, Case No. 3:08-cv-1012-TJC-JRK (M.D.Fla.).

In 2008, seven ERG affiliates (those seven affiliates are hereafter referred to as the "Ginn Debtors")[1] filed for bankruptcy and the Trustee was appointed as such.[2]  As a result, the Trustee stood in the shoes of the Ginn Debtors and wielded their privilege.  In that capacity, the Trustee sought and received potentially privileged communications between the Ginn Debtors, affiliates of the Ginn Debtors such as ERG, and their respective counsel.

---

[1] Those seven Ginn Debtors are:  Ginn-LA St. Lucie Ltd., LLLP, Ginn-St. Lucie GP, LLC, Tesoro Golf Club Condo, LLC, The Tesoro Club, LLC, Ginn-LA Quail West Ltd., LLLP, Ginn-Quail West Beach, LLC, and Ginn-Quail West GP, LLC.
[2] The Ginn Debtors' bankruptcy proceedings were substantively consolidated into two lead cases: 1) *In re Ginn-LA St. Lucie Ltd., LLLP*, Case No. 08-29769-PGH (S.D.Fla.); and (2) *In re Ginn-LA Quail West Ltd., LLLP*, Case No. 08-297774-PGH (S.D.Fla.).

On July 7, 2015, Plaintiffs served a subpoena *duces tecum* on the Trustee, seeking the Trustee's testimony and documents related to the bankruptcy proceedings. Although the Trustee has no documents responsive to the subpoena, because such documents were destroyed or returned in accordance with a protective order entered in those proceedings, the deposition of the Trustee is set to proceed on September 1, 2015. (Alpert Decl. at ¶ 4-5.)  Counsel for the Ginn Debtors did not receive a copy of the subpoena until July 28, 2015. (*Id.* at ¶ 4.)

ERG contacted the Trustee as well as counsel for the parties to this action and requested their consent to the appearance of counsel for ERG at the deposition. The Trustee had no objection, nor did counsel for Defendants Credit Suisse and Cushman & Wakefield. Plaintiffs' counsel, however, indicated at first that he would not consent. (Declaration of Patrick Lowther, filed contemporaneously herewith, at ¶¶ 4-5.)  Two days later, Plaintiffs' counsel sent a letter stating that Plaintiffs would consider the issue further if ERG's counsel provided Plaintiffs with certain information and documents regarding the subject bankruptcy proceedings and the matter pending in the Middle District of Florida styled as *Bahamas Sales Associate, LLC v. Byers* No. 3:08-cv-1012-TJC-JRK. In that letter, Plaintiffs' counsel indicated Plaintiffs would then make a decision by August 28, 2015. (*Id.* at ¶ 6.)

### III.  LEGAL ARGUMENT

**A.  A Protective Order Should Issue Permitting ERG's Appearance at the Trustee's Deposition.**

Trial courts are "given wide discretion in setting the limits of discovery." *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985). In that vein, Federal Rule of Civil Procedure 26(c)(1)(E) allows the court — either the court where the action is pending or the court for the district where the deposition at issue is to be taken — to fashion a protective order "designating the persons who may be present while the [deposition] is conducted."  Such

3

protective orders are particularly appropriate where necessary to protect privileged information. *Fadalla v. Life Auto. Products, Inc.*, 258 F.R.D. 501, 504 (M.D. Fla. 2007) ("A non-party may invoke the inherent power of the court to secure protection from discovery which seeks confidential or privileged information . . ."); *KL Grp. v. Case, Kay & Lynch*, 829 F.2d 909, 919 (9th Cir. 1987) (upholding trial court's grant of protective order protecting privileged information).

Here, a protective order permitting counsel for ERG to appear at the Trustee's deposition is necessary to protect ERG's attorney-client privilege. Upon the Ginn Debtors' bankruptcy filings, the Trustee stepped into the shoes of the Ginn Debtors and wielded their attorney-client privilege. *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 344 (1985) (bankruptcy trustee accedes to the corporation's attorney-client privilege). In that capacity, the Trustee sought and received information that otherwise may have been protected from disclosure by that privilege, including the production of materials directly from the Ginn Debtors' attorneys. Because the Ginn Debtors were ERG affiliates, it is possible that the Trustee also received ERG's privileged information.

ERG's need to appear at the deposition is particularly acute because Plaintiffs' counsel has previously attempted to elicit privileged information from a former employee of ERG's affiliates at his deposition. Specifically, Plaintiffs previously took the deposition of Robert Masters, a former executive of an ERG affiliate, and asked Mr. Masters questions that could have elicited information protected from disclosure by the attorney-client privilege. Counsel for the ERG represented Mr. Masters at his deposition, objected to such questions, and instructed Mr. Masters not to answer. (Alpert Decl. at ¶ 6.)

Counsel for ERG anticipates that Plaintiffs may argue that the Ginn Debtors' privileges were waived with regard to certain topics. This argument does not obviate the need for a protective order for several reasons. First, there is no evidence the Trustee waived the attorney-client privilege. Second, even if the Trustee did waive the privilege on behalf of one or more of the Ginn Debtors, that does not constitute a waiver of ERG's privilege. *Meoli v. Am. Med. Serv. of San Diego*, 287 B.R. 808, 811 (Bankr. S.D. Cal. 2003) (by disclosing documents to third parties, trustee had waived privilege for bankrupt debtor but not for other holders of their shared common interest privilege). Third, even if a waiver of some sort occurred (which it did not), that would not justify excluding ERG from the Trustee's deposition entirely. Neither the Ginn Debtors nor ERG have waived the privilege categorically, and ERG is entitled to protect the privilege to the extent it has not been waived. If, at the Trustee's deposition, Plaintiffs believe that ERG is objecting based on privileges that have been waived, then the parties can discuss the grounds for such a position at the deposition and, if necessary, seek the Court's guidance.

**B.      ERG Should Be Awarded Its Costs in Obtaining the Protective Order.**

Federal Rules of Civil Procedure 26(c)(3) and 37(a)(5) authorize the award of fees to parties who successfully obtain protective orders. *Gossard v. JP Morgan Chase & Co.*, 389 F. App'x 936, 940 (11th Cir. 2010). ERG should be awarded its fees incurred in bringing this motion because Plaintiffs' refusal to consent to ERG's appearance at the Trustee's deposition lacks substantial justification. Further, the fact that Plaintiffs, after first refusing to consent, subsequently indicated they would "consider the issue further" and "decide the issue" by as late as August 28, but only if ERG's counsel provided Plaintiffs with a litany of requested information, does not change this result. Such an offer was a classic "Hobson's choice." ERG

obviously could not risk complying with Plaintiffs' request only to have Plaintiffs reiterate their refusal to consent a mere two business days before the deposition.

**C.    Emergency Relief is Warranted.**

Under Local Rule 7.1(e), the Court may waive the time requirements of the Local Rules and grant an immediate hearing on any matter requiring expedited procedure.  That is what the Court should do here.  The Trustee's deposition is set to occur on September 1, 2015.  Because ERG is not a party to the underlying proceeding, Plaintiffs' counsel technically was not required to serve it with a copy of the subpoena.  As a result, it did not learn of the subpoena until July 28, 2015.  (Alpert Decl. at ¶ 4.)  Since then, it has sought to resolve the issue by obtaining the consent of the parties to ERG's counsel attending the deposition for the limited purpose of preserving its client's potential claims of privilege.  On August 20, it became apparent that would not be reasonably possible, and ERG promptly filed this Motion.  If expedited attention is not given to this Motion, ERG will not be in a position to protect potential claims of privilege in light of Plaintiffs' refusal to consent to ERG's appearance.

## IV.  CONCLUSION

For all of the foregoing reasons, ERG respectfully requests that this Court enter an order that the deposition of Drew Dillworth should only go forward if ERG's counsel is allowed to appear.  Moreover, because the Plaintiffs have no substantial justification for refusing to consent to ERG's appearance and forcing it to file the instant motion, ERG should be awarded its reasonable attorneys' fees incurred in obtaining a protective order.

Respectfully submitted this 21st day of August, 2015.

                                     **MORRIS, MANNING & MARTIN, LLP**

                                     /s/ *Lawrence H. Kunin*
                                     Lawrence H. Kunin, Esq.
                                     Florida Bar No. 050210
                                     1600 Atlanta Financial Center
                                     3343 Peachtree Road, N.E.
                                     Atlanta, Georgia 30326
                                     Telephone: (404) 233-7000
                                     Facsimile: (404) 365-9532
                                     lhk@mmmlaw.com

                                     *Counsel for ERG Enterprises, LP*

## **LOCAL RULE 7.1(A)(3) CERTIFICATION**

I hereby certify that counsel for ERG consulted with Plaintiffs' Counsel regarding the relief sought in this Motion and was unable to reach an agreement with respect to same.

This 21st day of August, 2015.

> /s/ *Lawrence H. Kunin*
> Lawrence H. Kunin, Esq.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of August, 2015, I served a copy of the foregoing document via e-mail and U.S. mail upon the following counsel of record for the above-referenced action pending before the District Court for the District of Idaho:

| | |
|---|---|
| Michael James Flynn<br>Offices of Michael J. Flynn<br>One Center Plaza, Suite 240<br>Boston, MA 02108<br>858-775-7624<br>Fax: 858-759-0711<br>Email: mike@mjfesq.com | Chris Flood<br>Flood & Flood<br>914 Preston, Suite 800<br>Houston, TX 77002<br>713-223-8877<br>Fax: 713-223-8879<br>Email: chris@floodandflood.com |
| Christopher J Conant<br>Conant Law LLC<br>950 17th St, Suite 1700<br>Denver, CO 80202<br>303-298-1800<br>Email: cconant@conantlawyers.com | Craig Douglas Fuller<br>Erik Christian Jenkins<br>FULLER JENKINS CLARKSON<br>11975 El Camino Real, Suite 200<br>San Diego, CA 92130<br>858-450-4050<br>Email: cfuller@fullerjenkins.com |
| James C Sabalos<br>Law Office of James C. Sabalos, Esq.<br>1400 Bristol St. North, Suite 210<br>Newport Beach, CA 92660<br>949-355-6084<br>Email: jimsabalos@hotmail.com | Philip H. Stillman<br>508 Meadowmist Court, Ste. B<br>Olivehain, CA 92024<br>888-235-4279<br>Fax: 888-235-4279<br>Email: pstillman@stillmanassociates.com |
| Robert C Huntley<br>THE HUNTLEY LAW FIRM<br>PO Box 2188<br>Boise, ID 83701-2188<br>(208) 388-1230<br>Email: rhuntley@huntleylaw.com | William L Smith<br>Smith Horras, P.A.<br>5561 N. Glenwood St., Suite B<br>P.O. Box 140857<br>Boise, ID 83714<br>(208) 697-5555<br>Fax: (800) 881-6219<br>Email: bill@smithhorras.com |
| Andrew E Hawes<br>101 S. Capitol Boulevard<br>Suite 1601<br>Boise, ID 83702<br>(503) 501-7190<br>Fax: (208) 344-0278<br>Email: andyhawes@hotmail.com | Joseph M Grant<br>The Grant Law Firm<br>94 A Drew Street<br>Houston, TX 77006-1526<br>713-880-3331<br>Email: tglf@mac.com |

| | |
|---|---|
| Luna Ngan<br>Weil, Gotshal & Manges LLP<br>767 Fifth Ave<br>New York, NY 10153<br>212-310-8421<br>Email: luna.ngan@weil.com | Randall A Peterman<br>Moffatt Thomas Barrett Rock & Fields<br>101 S. Capitol Blvd., 10th Floor<br>P.O. Box 829<br>Boise, ID 83701<br>(208) 385-5454<br>Fax: (208) 385-5384<br>Email: rap@moffatt.com |
| David Wilson Dummer<br>Sidley Austin LLP<br>2001 Ross Avenue<br>Suite 3600<br>Dallas, TX 75201<br>214-969-3501<br>Fax: 214-981-3400<br>Email: david.dummer@sidley.com | David Jason Lender<br>Weil, Gotshal & Manges LLP<br>767 Fifth Avenue<br>New York, NY 10153<br>212-310-8153<br>Email: david.lender@weil.com |
| James L Martin<br>MOFFATT THOMAS BARRETT ROCK & FIELDS<br>PO Box 829<br>Boise, ID 83701<br>(208) 345-2000<br>Fax: 1-208-385-5384<br>Email: jlm@moffatt.com | John O'Connor<br>Weil, Gotshal & Manges LLP<br>200 Crescent Court, Suite 300<br>Dallas, TX 75201-6950<br>214-746-5391<br>Email: john.oconnor@weil.com |
| Thomas Ray Guy<br>Weil Gotshal & Manges LLP<br>200 Crescent Court, Suite 300<br>Dallas, TX 75201<br>214-746-7872<br>Email: ray.guy@weil.com | Tyler J Anderson<br>MOFFATT THOMAS BARRETT ROCK & FIELDS CHTD.<br>PO Box 829<br>Boise, ID 83701-0829<br>208-345-2000<br>Fax: 208-385-5384<br>Email: tya@moffatt.com |
| Richard C Boardman<br>PERKINS COIE<br>1111 West Jefferson Street<br>Suite 500<br>Boise, ID 83702-5391<br>(208) 343-3434<br>Fax: 1-208-343-3232<br>Email: rboardman@perkinscoie.com | Barry G. Sher<br>Paul, Hastings, Janofsky & Walker LLP<br>75 East 55th Street<br>New York, NY 10022<br>(212) 318-6000x6085<br>Email: barrysher@paulhastings.com |

| | |
|---|---|
| Christine Salmi<br>PERKINS COIE<br>1111 West Jefferson Street<br>Suite 500<br>Boise, ID 83702-5391<br>(208) 343-3434<br>Fax: 1-208-343-3232<br>Email: csalmi@perkinscoie.com | Donald L. Morrow<br>Paul Hastings Janofsky & Walker LLP<br>695 Town Centre Drive<br>Seventeenth Floor<br>Costa Mesa, CA 92626<br>714-668-6200x6291<br>Email: donaldmorrow@paulhastings.com |
| Panteha Abdollahi<br>Paul Hastings Janofsky & Walker LLP<br>695 Town Center Drive<br>Seventeenth Floor<br>Costa Mesa, CA 92626<br>714-668-6279<br>Email: pantehaabdollahi@paulhastings.com | |

This 21st day of August, 2015.

/s/ *Lawrence H. Kunin*
Lawrence H. Kunin, Esq.